# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Gary Dartez and
Tamisha Latimore
_____

Appellant(s),


vs.

Federal Government Advisors, LLC and
FGA Powered By GovConnect, LLC
_____

Appellee(s).

9th Cir. Case No. 25-3941 _____


District Court or
BAP Case No. ___ 24-cv-03132-TLT _____

## APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*


**JURISDICTION.** This information helps the court determine if it can review your case.

1.    Timeliness of Appeal:

   a.  What is the date of the judgment or order that you want this court to review? January 8, 2025 _____

   b.  Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: Yes _____

   • If you did, on what date did you file the motion? April 24, 2025 _____

   • For prisoners or detainees, what date did you give the motion to prison authorities for mailing? _____

   • What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? _____

   c.  What date did you file your notice of appeal? June 19, 2025 _____

   • For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? _____

9th Cir. Case No. __25-3941_____                          Page 2


**FACTS.** Include all facts that the court needs to know to decide your case.

2.      What are the facts of your case?

December 2023: Defendants-Appellees solicited services from Plaintiffs-Appellants.

February 29, 2024: Plaintiff Dartez paid for services using Plaintiff Latimore's credit card.

April 16, 2024: Plaintiffs-Appellants terminate contract; Defendants-Appellees issue 1st of 3 fraud contracts.

April 30, 2024: Refund request denied by Defendants'-Appellees' CEO, Jeffrey Londono.

May 15-17, 2024: Defendants-Appellees announce Ex-employee Eric Smith hijacked internal systems,

all clients were moved to a "higher server" and given new - unauthorized subdomain URLs.

May 23, 2024: Plaintiffs-Appellants filed lawsuit, submitted application to proceed in forma pauperis.

June 4, 2024: Court issued summonses to Defendants.

June 11, 2024: IFP granted for Plaintiff Latimore.

June 24–July 12, 2024: Summonses executed by U.S. Marshal; Defendants' counsel claimed improper service.

July 8, 2024: Defendants-Appellees missed deadline disclosures; Plaintiffs-Appellants moved to compel.

August 6, 2024: Defendants-Appellees filed incomplete disclosures, intentionally withholding parties of interest.

August 8, 2024: Defendants-Appellees moved to dismiss or transfer.

August 19, 2024: Plaintiffs filed mislabeled motion - that was meant to oppose Defendants' motion to dismiss.

August 22, 2024: Case management conference; court restricted docket uploads for approximately 47 days.

October 8, 2024: Court issued order for Plaintiffs to show cause despite upload restrictions.

October 10, 2024: Plaintiffs sought a mere two-day extension to respond, due to new developments in the case.

October 11, 2024: Request denied; all claims dismissed with prejudice.

October 15–17, 2024: Plaintiffs-Appellants requested transcripts; court stated none were available.

October 21, 2024: Plaintiffs-Appellants moved for reconsideration.

October 24, 2024: Defendants-Appellees moved for attorneys' fees.

October 31, 2024: Motion for reconsideration denied despite all evidence that supports Plaintiffs' claims.

November 7, 2024: Plaintiffs-Appellants opposed attorneys' fees.

November 13, 2024: Defendants replied in support of fees.

January 8, 2025: Court reaffirmed dismissal, citing no opposition - due to upload restriction.

January 10, 2025: Court grants attorneys' fees & deny reconsideration, still no disclosure regarding data breach.

February 2025: Defendants furnish 3rd fraudulent contract; Defendants apologize on BBB for all wrongdoings.

June 10, 2025: BBB Evidence ignored; Court held Plaintiffs in contempt for nonpayment of attorneys' fees.

June 25, 2025: Plaintiffs-Appellants filed appeal and motion to stay fees.

July 9, 2025: Plaintiffs filed Form 34; Defendants failed to file Form 34 or oppose motion to stay.

9th Cir. Case No. __25-3941_____                                    Page 3

**<u>PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.</u>** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3.    What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?

A. Grant leave to file Motion for Reconsideration (ECF 60) for new evidence, procedural errors, and fraud;

B. Vacate dismissal and reinstate claims;

C. Reject Defendants' Civil Contempt Motion (ECF 66) and proposed order;

D. Vacate fee award under FRCP 59(e)/60(b);

E. Reopen or allow amendment for trial on merits; Confirm case remains open, preserving appeal rights;

F. Order sanctions for abusive litigation;

G. Compel removal of unauthorized subdomains and misuse of names/data;

H. Deny contempt penalties; Stay fee award and contempt order pending appeal;

I. Refer for judicial investigation based on insider evidence;

J. Grant any further equitable relief.

4.    What legal claim or claims did you raise in the district court or at the BAP?

A. Violation for Breach of Contract – Violation of California Civil Code 1572

B. Violation for Breach of Data – Violation of California Civil Code 1798.82(a)

C. Violation for Forgery – California Penal Code 470(a)

D. Violation for Copyright Infringement – California Penal Code 470(d)

5.    **<u>Exhaustion of Administrative Remedies.</u>** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.

9th Cir. Case No. <u>25-3941</u>                                                          Page 4

**<u>PROCEEDINGS BEFORE THE COURT OF APPEALS.</u>** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6. What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?

1. Ignoring U.S Marshall - Deputy Garcia's declaration where he confirms proper service of summonses, after Defendants' counsel claims of improper service; sanctions for attorney perjury regarding this matter.

2. Accepting false/perjurious statements from non-parties (e.g. Logan Wills).

3. Overlooking data breach (BBB apology, hijacked server, 2 unauthorized subdomains,

4. Dartezenterprises.fedgovadv.info forwarding to FGA site; Eric Smith public apology for data breach.

5. Failing to enforce disclosures (ECF 39 "moot/un-moot").

6. Denying amendment (54-day delay; clerk refused transcript access).

7. Ignoring Plaintiffs' IP rights (copyright-Latimore, trademarks, Dartez Enterprises review).

8. Overlooking breach of contract (SAM-certified procurement firm; no services; fraudulent misrepresentation/inducement across 3 contracts).

9. Failing to address public defamation (YouTube video)

10.   Overlooking TCPA violations (unsolicited calls/texts despite termination)

11.   Ignoring forgery (missing original signatures on contracts).

12.   These unresolved violations demonstrate clear error and prejudice, rendering the fee award unjust.

7. Did you present all issues listed in Question 6 to the district court or the BAP? Answer yes or no: <u>No</u>

If not, why not?

Appellant did not have a fair opportunity to amend their complaint, as the case was ill-judiciously dismissed with prejudice.

9th Cir. Case No. <u>25-3941</u>                                                         Page 5

8.  What law supports these issues on appeal? (You may refer to cases and
    statutes, but you are not required to do so.)

1. 47 U.S.C. § 227 - TCPA Violations (20 + Calls/Texts after contract termination)

2. Cal. Civ. Code §  44-46; Defamation (YouTube Video)

3. Common Law Fraud; Cal. Civ. Code §  1572 - Fraudulent Contracts (3)

4. 17 U.S.C. § 501 (Copyright Act) Copyright Infringement (Name)

5. 15 U.S.C. § 1114 (Lanham Act) Trademark Infringement (2 Plaintiffs / Appellants')

6. Cal. Civ. Code §  1798 (CCPA); Negligence Data Breach & Non-Disclosure

7. Intentional Infliction of Emotional Distress (Common Law)

8. Bus. & Prof. Code § 17200 (UCL) Unfair Competition

9. Fraud → Cal. Civ. Code § 1709–1710 (Deceit/Fraud)

10. Breach of Contract (or Fraudulent Contracts) → Common law tort and Cal. Civ. Code § 1567,

§ 1572 (fraud in contract formation)

11. Applicable fee-shifting statues (state/federal) Attorney Fees

12. Civil RICO → 18 U.S.C. § 1964(c) (fraud can be proven)

9th Cir. Case No. _25-3941_____     Page 6

9.   **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

No

10.  **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

No

Gary Dartez
_____
Name

1503 Macdonald Ave. STE A101
_____

Richmond, CA 94801
_____
Address

/s/ Gary Dartez
_____
Signature

August 4, 2025
_____
Date