**No. 25-3941**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

GARY DARTEZ, et al.

Plaintiffs-Appellants.

v.

FEDERAL GOVERNMENT ADVISORS, LLC , et al.,

Defendants-Appellees.

_____

**On Appeal from the United States District Court
For the Northern District of California**
No. 3:24-cv-03132-TLT
The Honorable Trina L. Thompson

_____

**APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

_____

**Cole Carlson**
Carlson IP Law, LLC
503 E Jackson Street
Suite 901
Tampa, FL 33602
Telephone: (813) 445-5175
Email:
cole@carlsoniplaw.com

1

## I.  __INTRODUCTION__

This is a case between a contractual disagreement between a set of individuals and a small, Florida-based business that serves as the middleman in helping people procure government contracts. Appellees Federal Government Advisors, LLC and FGA Powered by GovConnect LLC (collectively "Appellees") both (1) help individuals get registered and certified in order to meet requisite criteria to bid on government contracts, (2) strategize with clients about the government contract process, and (3) work with clients to work on creating profitable endeavors through the grant of government contracts. *See generally* www.federalgovadvisors.com (last visited August 6, 2025).

Appellants filed a Complaint in the Northern District of California alleging breach of contract, data breach, forgery, and copyright infringement based on the use of Appellant Tamisha Latimore's name on a contract that was automatically entered after Appellant Gary Dartez used her credit card when paying according to the contract. Case No. 3:24-cv-03132-TLT (the "Lower Court Docket") at Dkt. 1. Appellees moved to dismiss the Complaint for improper venue, insufficient process, and failure to state a claim as to all counts on August 8, 2024. Lower Court Docket at Dkt. 35. After Appellants never responded to Appellees motion to dismiss, the District Court entered an Order to Show Cause which Appellants responded to and to which the District Court deemed Appellants' response insufficient. *Id.* at Dkts. 48,

49, 50. On October 10, 2024, the District Court entered an order dismissing all claims with prejudice. *Id.* at Dkt. 50. Appellants moved for reconsideration on the motion to dismiss on October 21, 2024. *Id.* at Dkt. 51. Appellees filed its motion for attorneys fees on October 24, 2024. *Id.* at Dkt. 52. The District Court denied reconsideration of its dismissal on November 11, 2024. *Id.* at Dkt. 53.

On January 8, 2025, the District Court entered final judgment on Defendant's motion to dismiss. *Id.* at Dkt. 57. On January 10, 2025, the District Court entered a companion order granting Defendant's request for attorney's fees. *Id.* at Dkt. 58. After Plaintiff failed to pay the attorney's fees according to the schedule set forth in the order granting attorney's fees, Defendant filed a motion for contempt, which was granted by the District Court on June 10, 2025, after reviewing the elements of civil contempt. *Id.* at Dkts. 59, 64.

Appellees filed a notice of appeal on June 19, 2025, challenging the January 8, 2025, judgment (the "Jan 8 Judgment"), the January 10, 2025, order granting attorney's fees (the "Jan 10 Order"), and the June 10, 2025, order granting contempt sanctions (the "June 10 Order"). *Id.* at Dkt. 65. Appellees filed their opening brief on August 4, 2025, in accordance with this Court's orders, but failed to include any substantive argument about the merits of Judge Thompson's Jan 8 Judgment, Jan 10 Order, or June 10 Order; instead rehashing factual arguments previously presented without any further analysis. Dkt. 6.1.

3

## II.   RELIEF SOUGHT

Appellees seek dismissal of the appeal in its entirety on the basis that appeal of the Jan 8 Judgment and Jan 10 Order is untimely and appeal of the June 10 Order is frivolous.

## III.   ARGUMENT

This Court has jurisdiction to determine its own jurisdiction and does so *de novo*. *Special Invs., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). Jurisdiction must be established as a threshold matter, and without it a court may not proceed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). A court may not address the merits of a case without first determining that it has jurisdiction over the claim or claims at issue. *Id.* If a court determines that it lacks jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). Appeals courts review appeals of contempt findings under the abuse of discretion standard and reversal is not appropriate unless there is a "definite and firm conviction that the district court committed a clear error of judgment after weighing the relevant factors." *Go-Video v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F.3d 693, 695 (9th Cir. 1993).

### a.  Appeal of the Jan 8 Judgment and Jan 10 Order Are Both Untimely

4

Pursuant to 28 U.S.C. §2107(a), a notice of appeal in a civil case must be filed "within thirty days after the entry of such judgment, order or decree." An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Fed. R. App. P. 4. The timely filing of a notice of appeal in a civil case is a jurisdictional requirement. *Hanson v. Shubert*, 968 F.3d 1014, 1017 (9th Cir. 2020) ("The thirty-day time limit is 'mandatory and jurisdictional.'") (quoting *Melendres v. Maricopa Cnty.*, 815 F.3d 645, 649 (9th Cir. 2016)). "Failure to file a notice of appeal within the applicable time limit *must* result in dismissal for lack of jurisdiction." *Id.* (emphasis in original).

Although Rule 4 identifies certain post-judgment motions that may toll the appeal period, none applies here. *See* Fed. R. App. P. 4(a)(4)(A) (enumerating motions). In addition, the District Court recently found that a stay of proceedings was inappropriate based on a lack of likelihood of success on the merits of the appeal due to the timeliness issue described herein.

Here, with respect to the Jan 8 Judgment and the Jan 10 Order granting attorney's fees, Plaintiff's notice of appeal was filed more than five months after entry of these orders, well beyond the thirty-day deadline prescribed. This Court may not extend the time to file a notice of appeal except as specifically authorized by Rule 4 and no exception applies in this case. Thus, because the deadline for appealing the

Jan 8 Judgment and Jan 10 Order passed long before Appellants filed their notice of appeal, the appeals as to that judgment and order should be dismissed as untimely.

### b. Appeal of the June 10 Order Is Frivolous

While Plaintiff's notice of appeal was timely filed within thirty days of the June 10 Order granting contempt sanctions, the appeal of the contempt order is frivolous. An appeal is frivolous "if the results are obvious, or the arguments of error are wholly without merit." *George v. City of Morro Bay (In re George)*, 322 F.3d 586, 591 (9th Cir. 2003) (quoting *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990)). Appeals that are "patently insubstantial," rely on "bare legal conclusions with no suggestion of supporting facts," or present "fanciful" facts are considered frivolous. *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007). "[A] finding of bad faith is not necessary to impose sanctions" for a frivolous appeal, though bad faith may counsel in favor of the court exercising its discretion to grant sanctions. *United States v. Nelson (In re Becraft)*, 885 F.2d 547, 549 (9th Cir. 1989).

Plaintiff's appeal of the contempt order lacks any legal or factual basis and serves no legitimate purpose, rendering it frivolous. Here, the Appellants admitted that they did not pay Appellees in accordance with the District Court's order, a direct violation of a known directive from the District Court. Judge Thompson's June 10 Order goes through the elements of civil contempt in detail and determined that civil contempt was proper. No abuse of discretion is present.

As explained in the Motion for Civil Contempt, the District Court order Appellants to make four monthly installment payments of $900 starting on March 15, 2025, for a total of $3,600. Lower Court Docket at (Dkt. 59), ¶¶ 4-5. No payment was ever made. *Id.* at ¶6. and Appellants acknowledged that fact in their response to the motion for contempt. *Id.* at (Dkt. 60), ¶¶ 17-18. And by the time payment was due to be made, Appellants had already lost their time to appeal; any argument about a lack of "willful disobedience" is therefore moot. In addition, Appellants' opening brief makes no effort to address the contempt order beyond bare mention of it and how it should be overturned. (Dkt. 6.1). A review of Appellants' opening brief reveals bare legal conclusions and fanciful facts. *See In re Thomas¸* 508 F.3d at 1227. As such, it is frivolous to appeal the June 10 Order granting civil contempt sanctions.

## IV.    CONCLUSION

For the reasons stated above, it is respectfully requested that this Court dismiss Appellant's appeal for lack of jurisdiction and failure to prosecute.

Respectfully submitted this 7th day of August, 2025.

/s/ Cole Carlson
Carlson IP Law, LLC
503 E Jackson Street
Suite 901
Tampa, FL 33602
Telephone: (813) 445-5175
Email:
cole@carlsoniplaw.com

## CERTIFICATE OF COMPLIANCE

This document complies with the Fed. R. App. P. 27(a)(2)(B) because this motion does not exceed 5,200 words, and does not exceed 20 pages, excluding caption and certificate of compliance. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using 14-point font and plain, roman style.

Dated: August 7, 2025

/s/ Cole Carlson
Cole Carlson