**No. 25-3941**

---

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

_____

GARY DARTEZ, et al.
Plaintiffs-Appellants.

v.

FEDERAL GOVERNMENT ADVISORS, LLC, et al.,
Defendants-Appellees.

_____

**On Appeal from the United States District Court**
**For the Northern District of California**
No. 3:24-cv-03132-TLT
The Honorable Trina L. Thompson

_____

**APPELLANT DARTEZ'S REPLY IN SUPPORT OF MOTION**
**TO PROCEED IN FORMA PAUPERIS**

_____

**Gary Dartez, In Pro Per**
1503 Macdonald Ave.
Suite A101
Richmond, CA 94801
info@dartezenterprises.com

**Tamisha Latimore, In Pro Per**
tamisha.latimore@gmail.com

1

Appellant respectfully submits this reply in support of the motion to proceed in forma pauperis.

Appellees' opposition should be denied because it does not rebut the governing legal standard.

## I. APPELLANT SATISFIES THE FINANCIAL ELIGIBILITY REQUIREMENT

Under Fed. R. App. P. 24(a)(1)(A), the relevant financial inquiry is whether Appellant's affidavit shows an inability to pay - or - give security for appellate fees and costs—not whether Appellant can intermittently meet basic necessities through unstable and limited means.

As the Supreme Court held in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), a litigant need not be "absolutely destitute" to qualify for in forma pauperis status. Here, Appellees' focus on isolated, survival-level expenditures (such as food or daily necessities), misstates the standard and ignores the undisputed facts:

Appellant lacks liquid cash to pay for appellate fee, faces unstable housing conditions, is actively seeking alternative living arrangements and local assistance, and owns a non-operable 2005 vehicle that provides no reliable transportation or meaningful liquid value—circumstances that establish financial precarity and substantial hardship, not solvency.

Appellees provide no affidavit or other competent evidence contradicting Appellant's financial showing. Their opposition rests on speculation, not proof.

## II. THE APPEAL IS TAKEN IN GOOD FAITH AND IS NOT FRIVOLOUS

Appellees also fail to establish that this appeal is frivolous. Their opposition improperly treats disputes over procedural posture, timeliness, and the scope of appellate review - as if they establish that the appeal is wholly without merit; they do not. Their filing argues that the appeal is "months late" and that the June 10, 2025 contempt issue is "of Appellant's own making," but that is merely their characterization of the record. It is not a showing of bad faith.

This appeal presents, including but not limited to, a non-frivolous challenge to the June 10, 2025 contempt and fee-enforcement posture and the integrity of the underlying record of material facts that may have been overlooked at the district-court level. Without arguing the merits at this stage, the record reflects concrete disputes concerning fabricated contract formation, unauthorized digital signatures, data exposure and misuse, trademark-related misuse of Appellant's name and identity, and the unauthorized creation of subdomains tied to Appellant's personal and business identity, as well as subsequent public-facing representations, including an Appellee's Better Business Bureau response and apology, which Appellant contends corroborate the seriousness of the underlying conduct.

Whether Appellees dispute those facts is not the standard; under Fed. R. App. P. 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3), the relevant question is whether the appeal is taken in good faith, and Appellees have not shown otherwise.

## III.   CONCLUSION

Appellees' opposition fails on both prongs. It does not rebut Appellant's inability to prepay the appellate fee without substantial hardship and does not show [or prove] that the appeal is frivolous and not taken in good faith.

For those reasons, Appellant Dartez respectfully requests that the motion to proceed in forma pauperis be granted.

Respectfully submitted this 12th day of April, 2026.

/s/ Gary Dartez
**Gary Dartez, In Pro Per**
1503 Macdonald Ave.
Suite A101
Richmond, CA 94801
info@dartezenterprises.com

**SUPPLEMENTAL DECLARATION OF APPELLANT GARY DARTEZ**

I, Gary Dartez declare:

1. I remain financially unable to pay the appellate filing fee without substantial hardship.

2. I do not have liquid cash available to pay the appellate fee.

3. My housing situation is unstable, I am currently seeking alternative living arrangements, and limited/local assistance.

4. The vehicle identified in my financial information, is a 2005 vehicle that is currently not operable and does not provide meaningful liquid value or reliable transportation.

5. I have reason to believe and do so believe that this appeal is taken in good faith and presents several non-frivolous issues for review of the appellate court.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: April 12, 2026

By: /s/ Gary Dartez
Gary Dartez

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 27(a)(2)(B), the undersigned certifies the following:

1. This opposition contains 486 words, excluding the caption, declaration and this certificate compliance.

2. This opposition does not exceed 20 pages.

3. This document complies with the typeface requirements of Fed. R. App. P 32(a)(5).

4. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using 14-point font in plain, roman style.

DATED: April 12, 2026

/s/ Gary Dartez
1503 Macdonald Ave.
Suite A101
Richmond, CA 94801
info@dartezenterprises.com